IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AYANNA JOHNSON, 44497-037 | * | |
| | * | |
| | * | |
| v. | * | Civil Action No. CCB-13-2780 |
| | * | Related Crim. Case CCB-09-547 |
| UNITED STATES OF AMERICA | * | |
| | * | |
| | *** | |

**MEMORANDUM**

Respondent has filed a response requesting dismissal of Ayanna Johnson's Motion to Vacate, Set Aside, or Correct Sentence as time-barred. (ECF No. 202). Johnson, who is self-represented, has filed a reply in opposition. (ECF No. 203).[1]

After reviewing the parties' submissions, the court finds that no hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2255 Cases in the United States District Courts*; Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, the motion to vacate, set aside, or correct sentence (ECF No. 188) will be dismissed as time-barred and a certificate of appealability will not issue.

**BACKGROUND**

On July 28, 2011, Johnson pleaded guilty to Conspiracy to Commit Bank Fraud (Count One) and Aggravated Identity Theft (Count 31) in violation of 18 U.S.C. § 1349 and § 1028A. On April 3, 2012, Johnson was sentenced to 46 months on Count One, followed by a consecutive 24 months on Count 31, for a total of 70 months in prison. She was also sentenced to supervised release for a term of three years on Count One, with a concurrent term of one year of supervised release on Count 31, and she was ordered to pay $609,989.06 in restitution. This sentence was

---

[1] Consonant with *Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002), Johnson was afforded an opportunity to explain why her motion should not be dismissed as time-barred or why principles of equitable tolling apply. (ECF No. 195).

reflected in the judgment that was entered on April 6, 2012. (ECF No. 141). Petitioner, who waived the right to appeal in the plea agreement, did not file a direct appeal.

Johnson's petition was received by the Clerk on September 20, 2013. (ECF No. 188). For the purposes of assessing timeliness, the motion is deemed filed on August 25, 2013, the date Johnson signed it and presumably placed it in the prison mail system. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's mail is deemed filed when the prisoner delivers it to prison officials for mailing). On November 1, 2013, the court directed the government to file a response addressing the timeliness of the petition. (ECF No. 195).

## DISCUSSION

### I.  LIMITATIONS PERIOD

A one-year period of limitation applies to motions to vacate, set aside, or correct under 28 U.S.C. § 2255(f) which provides:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Respondent asserts that under the subsection applicable here, 28 U.S.C § 2255(f)(1), the one-year period begins to run from when the judgment of conviction became

final. Where, as here, there was no appeal, the conviction becomes final for the purpose of starting the one-year limitations period when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003).

In this case, the judgment of conviction was entered April 6, 2012, and the conviction became final for purposes of §2255(f)(1) fourteen days later. *See* Fed. R. App. P. 4(b)(1)(A) (requiring a notice of appeal to be filed within fourteen days after the entry of judgment). Thus, the one-year statute of limitations started running on April 20, 2012, and expired one year later on April 20, 2013. Thus, when Johnson filed her motion on August 25, 2013, the one-year limitations period had already expired.

Johnson counters that the limitations period should run instead from the date on which the facts supporting her claims could be presented or discovered through the exercise of due diligence as set forth under 28 U.S.C. § 2255(f)(4). (ECF No. 203). Specifically, she avers the limitations period should be calculated as beginning to run on June 10, 2013, the date the Supreme Court decided *Peugh v. United States*, 133 S.Ct. 2072 (2013). In *Peugh*, the Supreme Court held that the *Ex Post Facto* Clause is violated when a defendant is sentenced under United States Sentencing Guidelines ("Guidelines") promulgated after the defendant committed his crimes that provide a higher sentencing range than the Guidelines in effect at the time of the offense. 133 S.Ct. at 2088. Mindful that Johnson is a self-represented petitioner, this court assumes she premises her position on 28 U.S.C. § 2255(f)(3),[2] which specifically contemplates the impact of Supreme Court rulings issued after a petitioner's conviction became final.

---

[2] Johnson presents no new "facts" concerning her case to trigger § 2255(f)(4). *See, e.g.*, *Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005) ("[A] state-court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim."); *Wilder v. United States*, 2011 WL 3444178, at *8 (W.D. Pa. Aug. 8, 2011) (holding that a United States Supreme Court decision relevant to petitioner's claims did not permit a new start date for the limitations period under § 2255(f)(4) because the decision was not a fact in the case at issue).

"[H]abeas corpus cannot be used as a vehicle to create new constitutional rules of criminal procedure unless those rules would be applied retroactively to *all* defendants on collateral review through one of . . . two exceptions." *Teague v. Lane*, 489 U.S. 288, 316 (1989). The first exception provides that a new substantive rule of law will be applied retroactively if the rule places an entire category of primary conduct beyond the reach of the criminal law or if the rule alters the range of conduct or the class of persons that the law punishes. *Id*. at 311; *Schriro v. Summerlin,* 542 U.S. 348, 353 (2004). The second exception provides a new rule of criminal procedure will be applied retroactively "if it requires the observance of those procedures that ... are implicit in the concept of ordered liberty" and that are "watershed rules of criminal procedure." *Teague*, 489 U.S. at 311 (internal quotation marks omitted) (internal citations omitted).

Johnson provides no legal support for the contention that *Peugh* applies retroactively. The Supreme Court did not announce its holding in *Peugh* to apply retroactively to cases on collateral review. The Fourth Circuit has not ruled on whether the holding in *Peugh* is retroactive on collateral review, and those courts having had occasion to consider the question have held *Peugh* does not apply retroactively on collateral review. *See, e.g. Hawkins v. United States*, 724 F.3d 915, 917 (7th Cir. 2013); *Rogers v. United States*, -- Fed. App'x --, 2014 WL 1272121, at *3 (6th Cir. Mar. 31, 2014); *United States v. Locke*, -- F. Supp. 2d --, 2013 WL 5739207, at *8 (D.D.C. Sept. 6, 2013); *Engel v. United States*, 2014 WL 268733, at *3 (W.D.N.C. Jan. 23, 2014); *United States v. Condra*, 2013 WL 4678165, at *2 (W.D. Va. Aug. 30, 2013). Consequently, Johnson fails to demonstrate her motion is timely.

In any event, this court does not need to decide the issue of retroactivity, because Johnson's reliance on *Peugh* is misplaced. Johnson was sentenced under the Guidelines in effect

at the time the offenses to which she pleaded guilty were committed. Notably, the sentence imposed was at the low end of the applicable guideline range.

## II. EQUITABLE TOLLING

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In *Holland v. Florida*, the Supreme Court stated that in order to be entitled to equitable tolling the movant must show (1) that she has diligently pursued her rights and (2) that some extraordinary circumstance prevented the timely filing. 560 U.S. 631, 649 (2010); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner provides no colorable arguments to support equitable tolling.

## CONCLUSION

Having concluded that the motion to vacate was filed outside the statute of limitations, the court will dismiss the motion as untimely. A certificate of appealability will not issue because reasonable jurists would not debate the court's decision that the motion fails to state a valid claim of the denial of a constitutional right or the propriety of this court's procedural rulings with respect to the petitioner's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A separate order follows.

May 23, 2014  /s/
Date  Catherine C. Blake
  United States District Judge